## COOPER v INDUSTRIAL COMMISSION

Ohio Appeals, 6th Dist, Lucas Co

Decided March 8, 1937

James P. Monaghan, Toledo, for appellee.

Joseph O. Eppstein, Toledo, and Louis Wexler, Toledo, for appellant.

## OPINION

By LLOYD, J.

On September 15, 1934, the appellee, Anderson Cooper, an employee of the State Highway Department, filed with the appellant, the Industrial Commission, an application for payment of compensation for injuries claimed to have been sustained in the course of his employment. This claim was disallowed both on the hearing and the rehearing thereof.

On appeal to the Court of Common Pleas, Cooper was found to be entitled to participate in the Workmen's Compensation Fund. From this finding and the judgment thereon, the Industrial Commission appeals to this court on questions of law.

On August 30, 1934, the appellee, Anderson Cooper, while in the employ of the State Highway Department, received an injury accidentally sustained, his undisputed testimony being that while hauling stone "a stone rolled down and struck him on the leg" or that as he jumped off the truck his leg struck against a stone in some leaves on the ground. Whatever the fact in this regard, he received some injury in the course of and arising out of his employment. Cooper reported to a superior that he had been injured, and "would not be back" and then went home. That night he says he went to a physician who had theretofore been treating him for varicose veins since October 3, 1931.

The physician says that Cooper came to his office on or about September 3, 1934, "with an abrasion on his leg which terminated in a varicose ulcer" and that he treated him over a period of several months at St. Vincent's Hospital. The physician testified that "There was a contused wound —that is, destruction of the superficial tissue itself, showing what you call, commonly speaking, a bruise with the superficial tissue destroyed," and that when Cooper first came to the office after August 30th, there were no ulcers on the left leg, which was the one that had been bruised. The

bruise took the form of an ulcer about the third or fourth day of his observation of it. Cooper was admitted to the hospital on September 19th and discharged therefrom on December 5, 1934. The physician testified that:

"The ulcer of 1934 healed, but during the course of the ulceration he developed hyper-tension and a myocarditis. Now he has another ulcer and he has a slight hyper-tension with a slight irritation of the heart muscles—mild myocarditis, with an active ulcer on his left leg."

To just what extent his present incapacity for work may be attributable to his injury is one problem, but that he did receive injury from the accident of August 30th which in some measure incapacitated him is beyond dispute, and it is difficult to understand how, on the record before this court, there could be any disagreement in that regard, except on the theory that having theretofore had varicose veins, the accident and injury upon which is based his application for compensation had no effect upon his physical condition. To us the evidence clearly proves otherwise, Cooper not having been incapacitated for work or the duties of his employment at any time prior to his injury of August 30, 1934.

It must be recognized that the hearing first had before the Industrial Commission on an application for compensation is not an adversary proceeding, as is a court trial, the primary obligation of the commission being to assist the applicant in all proper ways rather than to conduct the hearing with all the technique and opposition of a trial; to use every effort to oppose a fraudulent or unfounded claim, but to be likewise alert to assist those who seem reasonably justified in seeking compensation, and if there be any doubt, to resolve that doubt in favor of the claimant.

If the evidence produced at the hearing had on Cooper's application was equal in probative effect to that submitted upon his application for a rehearing, it is difficult to understand why compensation was not awarded to him in the first instance.

The evidence supports the verdict and the judgment entered by the trial court and, no errors appearing in the record prejudicial to the Industrial Commission, the judgment is affirmed.

Judgment affirmed.

CARPENTER and OVERMYER, JJ, concur.